IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert James Cave, Jr., #103424, | C/A No. 0:09-2638-HFF-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| William Royster;<br>State of South Carolina;<br>County of Aiken, and<br>City of Aiken, | |
| Defendants. | |

The plaintiff, Albert James Cave, Jr., ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee in Aiken County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff wants this court to force the South Carolina state courts to speed up the judicial process on the criminal charges pending against him. He claims that his speedy trial rights are being violated by the state's failure to formally indict him on certain pending warrants, that false and mishandled evidence is being used against him, and that he is being placed in a double jeopardy situation relative to a potential re-trial of certain charges that previously resulted in a mistrial. He seeks "habeas corpus" relief against the state, county, and city, and a § 1983 action against the law enforcement officer defendant. Plaintiff seeks injunctive relief such as directions to the state trial court to proceed differently with regard to timing and to evidentiary issues. He does not request damages from any defendant. Having reviewed the Complaint in accordance with applicable law,

the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon

v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Plaintiff's requests for injunctive and/or declaratory relief from this court against the state, county, city, and law enforcement officer based on each defendants' participation in the state criminal charges currently pending against him are barred by the doctrine established by Younger v. Harris, 401 U.S. 37 (1971) and its progeny. Younger and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to

Page 3 of 9
PJG

interfere with a state's pending criminal proceedings. See, e.g., Younger, 401 U.S. at 44; Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). To rule on the allegations made and award the relief requested by Plaintiff in this case would improperly place this court squarely within the pending state prosecutions and result in unnecessary federal interference with the state process.

In Cinema Blue, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). In Bonner, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Id.; see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); Craigo v. Hey, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

As indicated in the cases cited above, Plaintiff is not foreclosed from raising what appear to be primarily "speedy trial" and "double jeopardy" objections and an objection to improper evidence and having them ruled on in his ongoing state criminal prosecution by the state court judge. This court should not remove the authority to rule on such common objections from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seems to seek in his § 1983 claims—release from incarceration and confinement and dismissal of charges against him—this court would be required to enjoin the state prosecution, which is expressly prohibited by federal law.

Moreover, to the extent that Plaintiff asserts a desire to obtain "habeas corpus relief" through the Complaint submitted in this case, summary dismissal is also required. Plaintiff did not submit a habeas corpus petition. He submitted a complaint form of the type commonly used by prisoner seeking relief pursuant to 42 U.S.C. § 1983[1] for alleged federal constitutional violations. If he wishes to seek habeas corpus relief, he needs to obtain the correct court approved forms to do so. Second, even if this court were able to consider the Complaint an appropriate pleading under which habeas relief could be sought by a state pretrial detainee under 28 U.S.C. § 2241, this case would still be subject to summary dismissal because the circumstances do not show Plaintiff's claims to be of the type of exceptional nature required for relief under that statute.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. Id. As stated above, in Younger v. Harris, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44. From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit, has developed the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The information contained in the Complaint filed in this case indicates that ongoing state criminal proceedings exist. The second criterion has been addressed by the Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations

that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. Dickerson, 816 F.2d at 224-26; see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. Id.; see also Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances likewise do not exist. Moore, 515 F.2d at 449.

As stated previously, Plaintiff can file motions in state court seeking dismissal of the charges and release for speedy trial and/or double jeopardy violations or seeking suppression of evidence obtained in violation of his constitutional rights. If the trial court denies such motions, he can raise such denial as a ground for relief in a direct appeal. As a result, these claims are comparable to the speedy trial claim that was involved in the Moore case. In Moore, 515 F.2d at 443, the court concluded that the federal court should

PJG

abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. See generally United States v. MacDonald, 435 U.S. 850 (1978); Dickerson, 816 F.2d at 226-27. Since Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances" or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. See Younger, 401 U.S. at 43-44. Accordingly, even if he were to submit a proper habeas petition or if his Complaint in this case could be liberally construed as a habeas petition, Plaintiff is precluded from federal habeas relief at this time and his "petition" would be subject to summary dismissal.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.

                                                                                         _____
                                                                                         Paige J. Gossett
                                                                                         UNITED STATES MAGISTRATE JUDGE

October 23, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).